UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PATRICIA LEDAY** | **:** | **CIVIL ACTION NO. 2:22-cv-04169** |
| **VERSUS** | **:** | **JUDGE JAMES D. CAIN, JR.** |
| **INTEGON NATIONAL INSURANCE CO.** | **:** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss filed by defendant Integon National Insurance Company. Doc. 20. The time for response has passed, with none being filed. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated, **IT IS RECOMMENDED** that the motion be **GRANTED**.

**I.**
**BACKGROUND**

This case arises from damage to plaintiff's property in Sulphur, Louisiana, allegedly caused by Hurricanes Laura and Delta on August 27, 2020, and October 9, 2020, respectively. Doc. 1. Attorneys formerly associated with the law firm McClenny Moseley and Associates, PLLC ("MMA") filed suit in this court on plaintiff's behalf on August 25, 2022, raising state-law claims of breach of insurance contract and bad faith against Integon National Insurance Company. Doc. 1. The complaint claims that the property at 3506 Pine Knolls Drive, Sulphur, Louisiana, 70663, was insured by defendant at the time of the hurricanes and that the insurance policy in place during the hurricanes was policy number Q4274125. *Id.* at ¶ 1.

Plaintiff became a *pro se* litigant by operation of an order of this court styled Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters (the "Termination Order"). Doc. 18. The Termination Order also lifted a previously imposed stay in this matter. *Id.* Defendant then filed the instant motion claiming it did not issue a policy of insurance to plaintiff. Doc. 20. Defendant further asserts plaintiff's residence was subject to a mortgage by Midland Mortgage at the time of the alleged loss, and Midland Mortgage is the named insured in the policy defendant issued for the property. Doc. 20, att. 1, p. 3. According to defendant, plaintiff's name does not appear in the policy, nor is she named as a third-party beneficiary under the policy. *Id.* at pp. 3–4. Defendant attached the policy to its motion. Doc. 20, att. 3. The court set a deadline for plaintiff to respond to the motion, but plaintiff did not comply. Doc. 21. After new counsel enrolled on plaintiff's behalf [docs. 28, 29], defense counsel asked the court to set a new response deadline. Doc. 31. The court granted the motion and set a deadline by which plaintiff's counsel was to respond to defendant's motion to dismiss. Docs. 32, 33. No response was filed. The court will therefore treat the motion as unopposed.

## II.
### LAW AND ANALYSIS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate when a complaint fails to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When deciding a Rule 12(b)(6) motion, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). To survive the motion, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). In assessing a Rule 12(b)(6) motion, a court may consider documents

attached to a motion to dismiss if those documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims. *Id.*

Plaintiff's claims against defendant all rely on the assertion that defendant supplied the insurance policy at issue to plaintiff and that the policy was in effect at the time of Hurricanes Laura and Delta. The policy attached to the motion to dismiss bears the control number referred to in the complaint as a policy number (Q4274125) and lists 3506 Pine Knolls Street,[1] Sulphur, Louisiana, 70663, as the covered property. Doc. 20, att. 2, p. 2. The policy also lists plaintiff as the "BORROWER." Thus, the court finds that the policy attached to defendant's motion [doc. 20, atts. 2–3] is the insurance policy referenced in the complaint and that said policy is central to all of plaintiff's claims.[2] Accordingly, the court may consider the policy in its assessment of the instant motion.

The complaint claims the policy "was in full force and effect on both August 27, 2020 and October 9, 2020." Doc. 1, ¶ 8. The complaint also alleges plaintiff was a party to the policy and that the policy "constituted a contract between Plaintiff and Defendant." *Id.* at ¶ 7. But the policy itself names Midland Mortgage and its successors and/or assigns as the named insured. Doc. 20, att. 3, p. 2. Nowhere does the policy list plaintiff as the named insured, but it does name plaintiff as the borrower.[3] *Id.* Because the policy's contents contradict the complaint's factual allegations, the policy—not the allegations—controls. *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355

---

[1] The court notes the policy lists the insured property as "3506 Pine Knolls St," but the complaint lists "3506 Pine Knolls Dr." Given that the other information about the address is identical, the court finds this difference was likely a typographical error and is inconsequential here.

[2] The court notes that another court, when presented with documents nearly identical to attachments 2 and 3 to the instant motion, similarly found that both documents made up the policy, which was central to plaintiff's complaint. *Tardo v. Integon Nat'l Ins. Co.*, No. 23-296, 2023 WL 2757088, at *2 (E.D. La. Apr. 3, 2023).

[3] In fact, the policy specifically states, "There is no contract of insurance between the BORROWER and Integon National Insurance Company." Doc. 20, att. 2, p. 2.

F.3d 370, 377 (5th Cir. 2004) (asserting that the exhibit controls when its contents contradict the complaint's allegations).

Defendant argues plaintiff has no claim to enforce the policy because she is not the named insured, an additional insured, or a third-party beneficiary. Doc. 20, att. 1, p. 8. Review of the policy makes clear that plaintiff is neither a named insured nor an additional insured. *See* doc. 20, atts. 2–3. Under Louisiana law, a contract for the benefit of a third party is never presumed. *Joseph v. Hospital Serv. Dist. No. 2 of Parish of St. Mary*, 939 So. 2d 1206, 1212 (La. 2006). Thus, the third party claiming the benefit must show (1) the stipulation for a third party is manifestly clear; (2) there is certainty as to the benefit provided to the third party; and (3) the benefit is not a mere incident of the contract between the promisor and the promisee. *Id.*

In cases involving similar policies, courts have found that the policy constituted a clear intent to benefit the borrower if the loss amount exceeded the mortgage balance. *Tardo v. Integon Nat'l Ins. Co.*, No. 23-296, 2023 WL 2757088, at *4 (E.D. La. Apr. 3, 2023) (citing *Lee v. Safeco Ins. Co. of Am.*, No. 08-1100, 2008 WL 2622997, at **4–5 (E.D. La. July 2, 2008)). Unlike in *Tardo*, however, plaintiff has neither alleged in her complaint nor argued in response to defendant's motion the existence of a stipulation for third party benefit. Thus, plaintiff has not even attempted to meet her burden to prove she is a third-party beneficiary to this contract. Because the court sees no indication plaintiff is a third-party beneficiary and because plaintiff is not the named insured or an additional insured, plaintiff has failed to state a claim to relief that is plausible on its face. Accordingly, it is recommended that this matter be dismissed with prejudice.

## III.
### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 20] be **GRANTED** as unopposed, and all claims against defendant Integon National Insurance Company should be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n.*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 15th day of April, 2024.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE